

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| LINDA LUJAN,<br>    Plaintiff,<br><br>v.<br><br>SAM'S EAST, INC., d/b/a SAM'S CLUB #8153<br>and A.J. FLORES, Store Manager,<br>    Defendants. | §<br>§<br>§<br>§  Civil Action No.<br>§  EP18CV0304<br>§<br>§<br>§ |

## SAM'S CLUB'S NOTICE OF REMOVAL

1. This Notice of Removal is filed under 28 U.S.C. § 1441 based on diversity of citizenship.

### I. BACKGROUND

2. Plaintiff's Original Petition was filed in state court and assigned to the 243rd Judicial District Court of El Paso County, Texas, under Cause No. 2018-DCV-3174.[1]

3. Plaintiff asserts state law claims for premises liability and negligence,[2] alleging that while shopping at Sam's Club, she "slipped and fell on a foreign substance that was smashed on the floor" in the produce area.[3]

4. Written notice of removal has been given to Plaintiff and the state court clerk.

5. The state court clerk's records indicate that Plaintiff's pleading was served on Sam's Club on September 24, 2018,[4] thus removal is timely under 28 U.S.C. § 1446(b).

6. The El Paso Division of the Western District of Texas embraces the place where the state court case was pending, thus venue is proper under 28 U.S.C. §§ 1441(a) and 124(d)(3).

7. Sam's Club answered in state court[5] and reserves the right to plead further as permitted.

---

[1] *See* Exh. A, Plaintiff's Original Petition, P. 1.

[2] Exh. A, Plaintiff's Original Petition, Parts VI-VII.

[3] Exh. A, Plaintiff's Original Petition, Part V.

[4] *See* Exh. B, District Clerk record.

[5] Exh. A, Sam's Club's Original Answer.

8. All documents filed in state court are attached as Exhibit A.

## II. BASIS FOR REMOVAL

9. This case is being removed based on diversity of citizenship under 28 U.S.C. § 1441(b).

### A. Diversity of Citizenship

10. Plaintiff is a Texas citizen.[6]

11. Sam's Club is not a Texas citizen.[7]

12. As to Defendant Flores, because no claim upon which relief can be granted has been pled against him, he is improperly joined and his citizenship is irrelevant.[8]

13. An employer premises owner has a duty to use ordinary care in providing safe premises and "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate [agent], with [this duty]."[9] Further, while corporate agents can be liable for their own negligence, "individual liability arises only when the…agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."[10] The rule that an employee/agent's liability requires an independent duty apart from that of the

---

[6] *See* Exh. A, Plaintiff's Original Petition, Part IV, ¶ 1.

[7] *See* Exh. A, Plaintiff's Original Petition, Part IV, ¶ 2 (identifying Sam's East, Inc. as a Delaware corporation). *See also* Exh. C, Assumed Name Certificate on file with the Texas Secretary of State (identifying Sam's East, Inc., as a corporation which was formed in Arkansas and which has its principal place of business there, and Sam's Club as an assumed name for Sam's East, Inc.).

[8] *See Larroquette v. Cardinal Health 200*, 466 F.3d 373, 376 (5th. Cir. 2006) (applicable improper joinder test involves "determin[ing] whether…the complaint states a claim against the in-state defendant"); *Moreno Energy v. Marathon Oil*, 884 F. Supp. 2d 577, 580 (S.D. Tex. 2012) ("Citizenship of an improperly joined party is totally disregarded in determining…subject matter jurisdiction").

[9] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

[10] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).

employer/owner/principal extends to invitor-invitee premises liability cases.[11]

14. Flores is a Sam's Club employee and Store Manager,[12] not a premises owner,[13] and thus cannot be found liable absent an independent duty. Plaintiff does not allege that such a duty existed, much less identify what it was or how it differed from Sam's Club's duty.[14]

15. Further, Plaintiff faults Flores for exactly the same things she faults Sam's Club for.[15] Collective allegations are insufficient to plead an independent duty.[16]

16. Thus, because Plaintiff has not pled an independent duty or other valid basis for a claim against Flores, he is improperly joined and should be dismissed.[17]

17. Thus, the properly joined parties—Plaintiff and Sam's Club—are completely diverse.

**B. Amount in Controversy**

18. Plaintiff seeks damages of "not less than $100,000 but not more than $200,000,"[18]

---

[11] *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837 (E.D. Tex. 2008) ("While *Leitch* held that officers of a corporation may be held individually liable only when they owe an independent duty of reasonable care apart from their employer's duty, *Tri [v. J.T.T. & M.T.,* 162 S.W.3d 552, 562 (Tex. 2005)] extends this rule to an invitor-invitee situation").

[12] *See* Exh. D, Flores's Affidavit, ¶ 2 ("I am an employee of Sam's East, Inc."; "My job title is Store Manager").

[13] *See* Exh. D, Flores's Affidavit, ¶ 4 ("I do not and never have owned or leased the premises in question").

[14] *See Torres v. Hobby Lobby*, EP-13-CV-187-KC, 2013 U.S. Dist. Lexis 166234, *12 (W.D. Tex. Nov. 22, 2013) ("It is insufficient…to summarily allege that the store manager owes an independent duty—[a plaintiff] must establish what that duty is and how it is independent from the duty owed by the store") (internal brackets omitted).

[15] Exh. A, Plaintiff's Original Petition, Parts V-VII.

[16] *See Torres v. Hobby Lobby*, *9, n. 4 (only individual, not collective, allegations are relevant to independent duty).

[17] *See Torres v. Hobby Lobby*, *28 (dismissing improperly joined defendant against whom no claim was stated).

[18] Exh. A, Plaintiff's Original Petition, Part II and Prayer.

thereby exceeding the $75,000 amount in controversy required by 28 U.S.C. § 1332(a).

### III. JURY DEMAND

19. Sam's Club paid for a state court jury trial and requests a jury trial in this Court.

### IV. PRAYER

20. Wherefore, Sam's Club requests that this case be placed on the Court's docket and that Defendant Flores be dismissed with prejudice. Sam's Club further requests any other relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,
SAFI, PAXSON & GALATZAN
A Professional Corporation**
P. O. Drawer 1977
El Paso, Texas 79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597

By: _____
Laura Enriquez
State Bar No. 00795790
enriquez@mgmsg.com

Attorneys for Sam's Club

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on this _12_ day of October, 2018, a true and correct copy of the foregoing document was served on Plaintiff's attorneys of record as follows:

Robert L. Lovett
Chelsea Underwood
**LOVETT LAW FIRM**
619 Arizona Avenue
El Paso, Texas 79902
(915) 757-9999
(915) 526-3925 (Fax)
rlovett@lovettlawfirm.com
cunderwood@lovettlawfirm.com

**Served via:**
____ Facsimile
_✓_ Certified Mail, RRR
____ Hand Delivery

_____
Laura Enriquez